# DULUTH AND IRON RANGE RAILROAD COMPANY
## *v.* ST. LOUIS COUNTY.

**ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.**

No. 173. Argued October 17, 1900. — Decided December 10, 1900.

Following the decision and the concurring opinion in *Stearns* v. *Minnesota, ante,* 223, the court holds that the act of the legislature of Minnesota relied upon in this case was void.

THE case is stated in the opinion of the court..

*Mr. Frank B. Kellogg* for plaintiff in error. *Mr. J. H. Chandler*, *Mr. H. J. Grannis*, and *Mr. C. A. Severance* were on his brief.

*Mr. W. B. Douglas* for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

The lands granted to the plaintiff in error to aid in the construction of its line of railroad were swamp lands which had accrued to the State under the act of Congress of March 12, 1860. The granting act did not impose a gross receipt tax or purport to make any contract with reference to a tax of that character, but provided, in section 2, in express terms, that the lands granted should be exempt. The proviso in question reads as follows: "None of the lands hereby granted shall be subject to taxation until the expiration of five years from the issuance of the patent by the State, unless previously sold or disposed of by said railroad company."

Subsequently to the passage of this act, the legislature of Minnesota, in 1873, enacted a law allowing railroad corporations, which accepted the provisions thereof, to discharge the tax on all their property, real and personal, by the payment of a gross receipt tax, with the condition, however, that the land which had been given by the State to aid in the building of the railroad should " be subject to taxation as soon as sold, leased, or contracted to be sold or leased." By this law the railroad property and granted lands of the company were, as the result of the payment of the gross receipt tax, to be "forever exempt from all taxation and from all assessment." This law became operative after the adoption of the constitutional amendment relating to gross receipt taxes. The amendment in question has been fully stated in *Stearns* v. *Minnesota*, decided at this term. There is no contention that this general law, which was passed after the constitutional amendment in question, was repugnant to the constitution of Minnesota, since in the *Stearns*

case, 72 Minnesota, 200, and in the case at bar, 80 Northwestern Rep. 626, the Supreme Court of Minnesota held that the effect of the amendment of 1871 was not only to ratify prior gross receipt tax laws, but moreover to authorize the legislature to enact similar laws in the future, all, however, being subject to the reserved power to repeal, alter or amend, conditioned upon approval by a vote of the people.

If the case rested wholly upon the provisions in the act granting an exemption for a stated period, the issue for decision would be whether an express contract of exemption could lawfully have been made in view of the clauses of the constitution of the State of Minnesota requiring equality and uniformity, and empowering the legislature to exempt only in certain specified cases. On this question there would be no room for the assertion that prior decisions of the Supreme Court of the State of Minnesota relating to the validity of acts imposing gress receipt taxes had recognized the power to make such contract, since such decisions of that court, whatever be the doctrine which they announced as to gross receipt taxes, have uniformly and consistently denied the authority to grant an exemption. But the controversy which this case presents does not rest on the rights asserted to have been conferred by the exemption contained in the granting act, since the plaintiff in error accepted the provisions of the law of 1873, and has from the time of such acceptance paid the gross receipt tax therein provided. Although it be that the law imposing the gross receipt tax, and which was accepted by the corporation, did not give rise to an irrevocable contract protected from impairment by the contract clause of the Constitution of the United States, since the right to repeal, alter or amend was reserved, the question yet remains whether the act of the legislature of Minnesota which was submitted to a vote of the people and which is here relied upon as manifesting the exercise of the reserved power to repeal, alter or amend, has such effect. The repealing or amending act relied upon in this case is the same one which was involved in the case of *Stearns* v. *Minnesota*, *ante*, 223, and its text was fully stated in that case. Here, as there, to treat the act in question as a repeal, alteration or

amendment of the contract would be to preserve all the obligations of the corporation in favor of the State, and to take away from the corporation the consideration on the part of the State upon which the duty of the corporation to pay the gross receipt tax rested. For this reason, we conclude that the act which it is asserted repealed or amended the contract was void, because a mere arbitrary exercise of power giving rise, if enforced, not only to a denial of the equal protection of the laws, but to a deprivation of property without due process of law. The reasons by which we are led to this conclusion were fully expressed in the concurring opinion of four members of the court in *Stearns* v. *Minnesota*, and need not be here repeated.

*Judgment reversed, and case remanded for further proceedings not inconsistent with this opinion.*

MR. CHIEF JUSTICE FULLER, MR. JUSTICE BREWER, MR. JUSTICE SHIRAS and MR. JUSTICE PECKHAM concurred in the result.